No. 3169.—JEFFERSON WELLS, Curator *v.* J. M. WELLS, Executor.

*The exception to the capacity of the plaintiff to stand in judgment must be pleaded in limine litis. If only made at the time the answer is filed and the defendant goes to trial without requiring a decision thereon, it will be presumed to have been waived, and will not be considered thereafter.*

*A party defendant, having admitted in the record in the court below that the plaintiff had established a portion of his demand, can not be allowed to question its correctness on appeal.*

APPEAL from the Ninth District Court, parish of Rapides.  *Osborn, J. E. North Cullom, William A. Seay* and *H. S. Losee,* for plaintiff and appellee.  *J. G. White* and *T. C. Manning,* for defendant and appellant.

HOWE, J.  The plaintiff, as curator of Mrs. Martha L. Wells, an interdicted person, instituted this action against J. M. Wells, executor of T. J. Wells, deceased, to recover one undivided half of a tract of land, one-half of one hundred head of cattle and the sum of $17,850 with interest from judicial demand.

The decedent, T. J. Wells, represented by the defendant, was the husband of the insane lady who is represented by the plaintiff.  The land, cattle and money are claimed as paraphernal property of the wife, inherited from her father and taken into possession of her husband many years since.

The answer of the defendant was, first, a general denial.  He then denied the capacity of the plaintiff, and then set up special defenses which will be noticed hereafter.

The exception to the representative capacity of the plaintiff not having been pleaded *in limine litis,* and the defendant having gone to trial on the merits without having required a decision thereon, the point will not be considered at this stage of the case.  19 L. 429; 3 An. 150; 6 An. 533; 11 An. 688.

*First*—On the merits we find the admission of both parties that the plaintiff, as curator, had established his claims to an undivided half of one thousand arpents of land, and thus far the judgment can not be complained of.  The improvements appear either to have been on the land when inherited by the interdict, or to have been built out of the proceeds of the plantation while managed as her separate property, and under her own administration.

*Second*—The claim for the cattle seems to be made out.

*Third*—The claim for money received by T. J. Wells is clearly proved by the recitals in the act from T. J. Wells to Martha L. Wells, of February 20, 1843, and the oral testimony of witnesses in the case. It does not clearly appear that any portion of these sums represents the supposed value of slaves, as alleged in the answer.

Judgment affirmed.